Jessie Lundberg
LUNDBERG LAW OFFICE PLLC
415 N. Higgins Ave.
Missoula, MT 59802
(406) 721-3000
jessie@lundberglawyer.com
BAR NO. 9641

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THOMAS W. RIDINGS, | ) | Case No. 15-60651 |
| | ) | |
| Debtor. | ) | |

**CHAPTER 13 PLAN DATED AUGUST 14, 2015**

1. The future earnings and other income of the Debtor are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor shall pay to the Trustee the following sums: $2,069.50 per month for 60 months or until all of the provisions of this Plan have been completed. The Debtor is self-employed and shall make the monthly payments directly to the Trustee.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) <u>ADMINISTRATIVE CLAIMS.</u> The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

   | | | |
   |---|---|---|
   | Estimated total attorney fees: | $ | 3500.00 |
   | Estimated total costs: | + $ | 500.00 |
   | Total estimated attorney fees and costs: | = $ | 4000.00 |
   | Less retainer: | - $ | 3000.00 |
   | Total estim. fees/costs to be paid through plan: | $ | 1000.00 |

   (b) IMPAIRED SECURED CLAIMS. After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

**Name of Creditor**　　　　　　　　　　　　　　**Claim No.**　　**Allowed Secured Claim***　　**Interest Rate**

1

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

    (c)  UNIMPAIRED SECURED CLAIMS. The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|
| ONEWEST BANK, N.A. | HOMESTEAD DESCRIBED IN SCH A |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
|---|---|
| ONEWEST BANK, N.A. | $90,000 |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

    (d)  DOMESTIC SUPPORT OBLIGATIONS. After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| Creditor | Complete Address | Claim Amount |
|---|---|---|
| | | |

    (e)  PRIORITY CLAIMS. After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507, prior to payment of general unsecured claims.

    (f)  GENERAL UNSECURED CLAIMS. After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

    (g)  LIQUIDATION ANALYSIS. The total amount distributed under paragraphs 2(d), (e), and (f) will be at least **$16,342** which exceeds what would be available to pay unsecured claims if the debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. REJECTION OF CONTRACTS OR LEASES. The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:
    None

All other executory contracts and unexpired leases shall be affirmed.

4. SURRENDER OF PROPERTY. The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's

allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankuptcy Rules.

| **Secured Creditor** | **Description of Collateral** |
|---|---|
| None | |

5. POSTPETITION SECURED DEBT:  The Debtor(s) reserves the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

6. REPORT OF CHANGES IN INCOME:  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7. OTHER PROVISIONS:  NONE

8. DECLARATIONS:  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

9. EFFECTS OF CONFIRMATION:  Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. PREVIOUS BANKRUPTCIES, AND DISCHARGE:  (Check one)

- ☐ Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

- ☒ Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. INCOME TAX REFUNDS:  (Check one)

- ☐ Debtor(s) projects no income tax refunds during the term of this plan.  As a result, no income tax refunds will be turned over to the trustee.
- ☒ Debtor(s) projects income tax refunds during the term of this plan.  During the applicable commitment period of the plan, as defined in 11 U.S.C. § 1325(b)(4), Debtor(s) will turn over to the trustee all net income tax refunds.
- ☐ Debtor(s) projects income tax refunds during the term of this plan, and such tax refunds are included in the Debtor's budget.

DATE: August 14, 2015

/S/  THOMAS W. RIDINGS
Debtor

3

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify under penalty of perjury that a copy of the foregoing CHAPTER 13 PLAN DATED AUGUST 14, 2015, was served upon all interested parties via CM/ECF, and sent by first class mail postage prepaid on August 14, 2015, directed to the following:

U.S. TRUSTEE
301 CENTRAL AVENUE, SUITE 204
GREAT FALLS, MT 59401

ROBERT G. DRUMMOND
CHAPTER 13 TRUSTEE P.O. BOX 1829
GREAT FALLS, MT 59403

The same CHAPTER 13 PLAN DATED AUGUST 14, 2015 was also mailed to the attached list of creditors.

DATE: AUGUST 14, 2015

/s/ Jessie Lundberg
Jessie Lundberg
Attorney for Debtor

ONEWEST BANK, N.A.
888 E. WALNUT ST.
PASADENA CA 91101

MORRISON, SHERWOOD, WILSON
& DEOLA
401 N. LAST CHANCE GULCH
HELENA MT 59601

AURORA LOAN SERVICES
ATTN: BANKRUPTCY DEPT.
2617 COLLEGE PARK
SCOTTSBLUFF NE 69361

NATIONSTAR MORTGAGE LLC
ATTN: BANKRUPTCY
350 HIGHLAND DR LEWISVILLE TX
75067

CHASE
PO BOX 15298
WILMINGTON DE 19850

ONEMAIN FINANCIAL
 PO BOX 499
HANOVER MD 21076

CLEAR SPRING LOAN SERV
18451 N DALLAS PKWY STE
DALLAS TX 75287

PORTFOLIO RECOVERY ASS
120 CORPORATE BLVD STE 1
NORFOLK VA 23502

COLLECTION BUREAU SERV
212 E SPRUCE ST
MISSOULA MT 59802

VICKIE RIDINGS
710 MARTINI LN
COLUMBIA FALLS MT 59912

CRDT SYSTEMS
100 N PARK
HELENA MT 59624

DELL FINANCIAL SERVICES
ATTN: BANKRUPCTY
PO BOX 81577
AUSTIN TX 78708

DIANE M. ZORB
225 FAIRVIEW DR.
KALISPELL MT 59901

DIANE M. ZORB
c/o  JAMES C. BARTLET, ESQ.
322 2ND AVENUE W, #F
KALISPELL MT 59901

FIRST DATA
1307 WALT WHITMAN RD
MELVILLE NY 11747