JESSIE LUNDBERG
LUNDBERG LAW OFFICE PLLC
415 N. Higgins Avenue
Missoula, MT 59802
(406) 721-3000
jessie@lundberglawyer.com
BAR NO. 9641

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| In re | ) | Bankruptcy Case No. 15-60651 |
|---|---|---|
| | ) | **NOTICE OF HEARING** |
| THOMAS W. RIDINGS, | ) | **DATE:** December 3, 2015 |
| | ) | **TIME:** 10:00 A.M. |
| Debtor. | ) | **LOCATION:** 201 E. Broadway |
| | ) | Courtroom #200A |
| | ) | Missoula, Montana |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM
AND NOTICE OF HEARING**

Comes now the Debtor, Thomas W. Ridings, by and through his attorney, Jessie Lundberg, and objects to the Proof of Claim filed in the above-entitled case by CIT Bank, N.A., formerly known as OneWest Bank N.A., filed as Claim No. 4 on the Claims Register maintained by the Clerk of Court. The Debtor's objections are as follows:

**A. CIT'S CLAIM FOR LITIGATION-RELATED ATTORNEYS' FEES FAILS DUE TO LACK OF DOCUMENTATION OR ANY LEGAL BASIS.**

CIT's claim for litigation-related attorneys' fees of $103,395.66 is not entitled to a presumption of *prima facie* validity, due to CIT's failure to attach documentation of any writing establishing this claim, and Debtor's lack of corroboration of the claim in his schedules. Further, this claim must be denied because there is in fact no contractual basis for the fees based upon the documents already provided, and no such basis exists.

A proof of claim filed in accordance with 11 U.S.C. § 501 and applicable Bankruptcy Rules generally "constitutes *prima facie* evidence of the validity and amount of the claim." Rule 3001(f), F.R.B.P; *In re Tipton*, 2013 WL141141 *2 (Bankr. D.Mont. 2013). "[A]pplicable Bankruptcy Rules" include the requirement that a claim based on a writing must include a copy of the writing. F.R.B.P. 3001(c); Mont. LBR 3001–2.

If a "procedurally proper claim is filed," the general rule is that the burden is then upon the objecting party to offer "evidence contesting the validity or amount of the claim." *Tipton*, *2 (citing *In re Weber*, 16 Mont. B.R. 49, 56 (Bankr. D.Mont. 1997); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). "Once an objecting party succeeds in overcoming the *prima facie* effect given to a claim by Rule 3001(f), the burden shifts to the claimant to prove the validity of its claim by a preponderance of the evidence." *Id*. (citing *In re Allegheny Int'l, Inc.* 954 F.2d 167, 173–74 (3rd Cir. 1992)).

However, failure to attach required documentation undermines a claim's *prima facie* validity. *See, e.g., Falwell v. Roundup Funding LLC* (*In re Falwell*), 434 B.R. 779, 784, 786 (Bankr. W.D. Va. 2009). The creditor is then not entitled to a presumption of validity, and retains the burden of providing additional support to establish the validity of its claim.

A further consideration in determining a claim's *prima facie* validity is whether and how the debtor scheduled the claims in its schedules. *Id.*; *see also In re Hernandez*, 2013 WL 829106 *7 (9th Cir. B.A.P.) (citing *In re Minbatiwalla*, 424 B.R. 104, 113 (Bankr. Ct. S.D.N.Y. 2010); *In re Johnson*, 2012 WL 5430952 *1 (Bankr. D.Id.). A debtor having scheduled the claim in the same amount as the creditor's proof of claim, and as liquidated and undisputed, suggests *prima facie* validity. *Hernandez* at *7.

Conversely, where a debtor scheduled the claim as disputed, or did not list the claim at all due to lack of knowledge or belief that it owed the debt, this must weigh against the claim's

*prima facie* validity. The creditor may then be required to provide further evidence of the claim's validity. However, where the creditor failed to attach documentation to its original claim, Rule 3001(c)(1), F.R.B.P., provides for the evidentiary sanction of precluding the creditor from introducing additional documentation as evidence of the claim at a subsequent hearing on the debtor's objection to the proof of claim. F.R.B.P. 3001(c)(2)(D); *Campbell v. Verizon Wireless S–CA (In re Campbell),* 336 B.R. 430, 435 (9th Cir. B.A.P. 2005)

      Here, CIT is not entitled to the presumption that its proof of claim for litigation-related attorneys' fees constitutes *prima facie* evidence of its claim. First, this portion of its claim was not a "properly filed claim" as described in *Tipton*, because CIT failed to attach documentation of its entitlement to, and calculation of, attorney's fees related to the parties' federal court litigation. Second, as CIT is aware, over $100,000.00 of its claimed fees are baseless given that they consist of disputed, contingent attorney's fees for which there is no legal basis.

      Addressing the first deficiency, CIT's proof of claim with regard to litigation-related attorneys' fees was not filed in accordance with "applicable Bankruptcy Rules," because it failed to attach all documents required by F.B.R.P. 3001(c) (which requirement is also incorporated by reference into Mont. LBR 3001-2). CIT attached the itemized summary required under Mont. LBR 3001-2, and documentation supporting the portion of its claim related to the principal, interest, and fees related to the mortgage, default, and foreclosure. However, it failed to attach any documentation to support the substantial alleged attorneys' fees set forth in Part 3 of its Mortgage Proof of Claim Attachment, under "<u>Legal Services (Debtor initiated litigation)</u>."

      The portions of those fees disputed by Debtor are not provided for in either the parties' Deed of Trust or Note. The Deed of Trust permits attorneys' fees only for "services performed in connection with the default for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument." Deed of Trust, ¶ 14; *see also* Deed of Trust ¶ 9 (entitling

CIT to "reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding"). The Note permits only "reasonable attorneys' fees" incurred "in enforcing this Note to the extent not prohibited by applicable law." Note, ¶ 6(E).

CIT's alleged attorneys' fees incurred in litigating the federal case filed by Debtor are not for the purpose of protecting CIT's security interest in the property or enforcing the Note. The fees are allegedly from CIT's defense in a federal civil case in which Debtor has brought claims against CIT for negligence, negligent misrepresentation, unfair or deceptive acts or practices, fraud, and deceit. These claims are unrelated to and do not affect CIT's interest in the property at issue (Debtor's residence), its rights under the Deed of Trust, or enforcement of the Note.

Nor does any other document attached by CIT to its proof of claim support the disputed fees. In addition to not providing a writing establishing its right to collect this type of legal fees in the first place, nor has CIT attached any documentation establishing how it arrived at such an amount, such as billing statements, account transaction histories, attorney invoices, etc.

Based on the foregoing, CIT has not met its initial burden with regard to the filing of "a procedurally proper claim" for its alleged litigation-related attorneys' fees, in accordance with "applicable Bankruptcy Rules." Therefore, it has failed to establish *prima facie* evidence of that portion of its claim, and the burden remains on CIT to prove the validity of its claim for litigation-related attorney's fees in the amount of $103,395.66.

Second, the *prima facie* validity of this portion of CIT's claim is further diminished in the particular factual circumstances of this case. Under the considerations set forth in *Hernandez*, *Minbatiwalla*, and *Johnson*, both the Debtor's filings herein and his current litigation against CIT in federal court demonstrate that these alleged claims are not and have never been recognized by the Debtor as known, undisputed claims. Thus, even had CIT attached proper documentation to

its claim, it would still not be automatically entitled to the general presumption that a properly filed proof of claim constitutes *prima facie* evidence of the claim.

Based on the foregoing, to the extent Debtor bears any burden of challenging CIT's proof of claim with regard to alleged litigation-related attorney's fees, Debtor has sufficiently met that burden to require CIT to provide further evidence of its claim. However, due to CIT's failure to attach any documentation to its claim, Debtor requests that if a hearing is held on Debtor's objections to CIT's proof of claim, that CIT be precluded from introducing any documentation not attached to its proof of claim.

### B. POST-NOVEMBER 2012 CHARGES DISPUTED IN PENDING LITIGATION

All liabilities alleged by CIT in its Proof of Claim which accrued after November of 2012 should be disallowed at this time. The Debtor and CIT are currently litigating in federal district court the issue of whether CIT is liable for wrongfully mishandling the servicing of Debtor's mortgage loan under a loan modification program, causing further default and foreclosure action against Debtor. Debtor alleges in that case that CIT's wrongful actions began in November of 2012. Thus, Debtor asserts in his federal case, and here, that all default and foreclosure-related charges assessed by CIT after November of 2012 were assessed wrongfully. Debtor's liability for any charges alleged by CIT which occurred after November of 2012 will be determined through settlement or judgment in the federal action. Until then, that portion of CIT's Proof of Claim related to alleged post-November 2012 liabilities should be deemed protective only, and disputed by Debtor, and excluded from the required minimum arrearage to be cured by Debtor's Chapter 13 payment plan.

Therefore, Debtor objects to the following fees CIT alleges Debtor incurred after November of 2012, which are at issue in Debtor's litigation against CIT:

| | |
|---|---|
| Late charges: | $1,967.88 |
| Attorney's Fees (Foreclosure): | $4,350.00 |
| Attorney's Fees (Litigation): | $103,395.66 |
| Advertising Costs | $3,408.23 |
| Sheriff/Auctioneer Fees: | $300.00 |
| Title Policy/TSG: | $1,022.00 |
| Title Searches: | $1,172.00 |
| Recording Fees: | $385.00 |
| Appraisal/BPO Fees: | $1,037.00 |
| Property Inspection Fees: | $242.00[1] |
| Other: Mailing Costs: | $674.14 |
| Other: Sale Cancellation Costs: | $400.00 |
| Other: Demand Fees: | $60.00 |
| Other: Fax Payoff: | $40.00 |
| TOTAL: | $118,360.91 |

## C. FORECLOSURE-RELATED FEES

**1. Fees Related to Notices of Trustee's Sales Were Not Compliant with Small Tract Financing Act, Mont. Code Ann. § 71-1-313(3)(a).**

Debtor objects to all fees alleged by CIT related to the first three Notices of Trustee's Sale it recorded, on the grounds that these notices were invalid because they were not compliant with the requirements of the Small Tract Financing Act, MCA § 71-1-313(3)(a), which requires:

---

[1] According to the subtotals and total listed in Section 10 of CIT's Proof of Claim, CIT claims Property Inspection Fees of $275.00. However, if the itemized fees listed under "F/C Inspection Fees" are correct, the subtotal for those fees is $242.00, not $176.00. This results in a total claim of $341.00 for property inspection fees, not $275.00, as CIT listed in the far right column. Of the correct total, Debtor disputes $242.00, for fees assessed after November 2012.

> 71-1-313. Conditions for foreclosure by advertisement and sale. The trustee may foreclose a trust indenture by advertisement and sale under this part if:
> (3) the trustee or beneficiary shall have filed for record in the office of the clerk and recorder in each county where the property described in the indenture or some part thereof is situated a notice of sale, duly executed and acknowledged by such trustee or beneficiary, setting forth:
> (a) **the names of the grantor, trustee, and beneficiary in the trust indenture and the name of any successor trustee**[.]

Debtor asserts that CIT failed to comply with MCA § 71-1-31(3)(a) in the recording of its first three Notices of Trustee's Sale.[2] Consistent with Debtor's assertion here, Debtor has also previously asserted this claim against CIT his ongoing litigation against it in federal court.

Based on the foregoing, Debtor objects to the following fees:

| | |
|---|---|
| Attorney Fees (Foreclosure): | $2,225.00 |
| Advertisement Costs: | $2,453.31 |
| Sheriff/Auctioneer Fees: | $300.00 |
| Recording Fees: | $263.50 |
| Title Costs: | $1,022.00 |
| Title Searches: | $2,973.20 |
| TOTAL: | $7,915.01 |

**2. Property Inspection Fees Unreasonable**

Debtor has also specifically asserted in his federal case against CIT that CIT charged him fees for unreasonable and excessive property inspections, in violation of the Deed of Trust, paragraph 7. Therefore, Debtor disputes on this additional ground[3] the following property

---

[2] The fees for the latter two of these trustee's sales are also included in Debtors' dispute of all post-November 2012 fees set forth in Section B, and thus do not need to be considered separately unless the objection set forth in Section B is denied.

[3] These fees are also included in Debtors' dispute of all post-November 2012 fees set forth in Section B, and thus do not need to be considered separately unless the objection set forth in Section B is denied.

inspection fees incurred after November 2012, as alleged in CIT's proof of claim:

| | |
|---|---|
| "Access Deny Inspections": | $44.00 |
| "F/C Inspection Fees": | $187.00[4] |
| "Inspection Fees": | $11.00 |
| TOTAL: | $242.00 |

### D. LITIGATION-RELATED ATTORNEY'S FEES NOT ENFORCEABLE UNDER STATE LAW

Even were CIT found to have filed a sufficient claim to meet its burden of *prima facie* validity with regard to its claimed litigation-related attorneys' fees, Debtor further objects to this portion of CIT's claim on the basis that, regardless of whether further documentation needed to be attached, the fees at issue are simply unenforceable under applicable state law. Therefore, pursuant to 11 U.S.C. § 502 and applicable case law, the fees must be disallowed.

11 U.S.C. § 502(a) provides that, following an objection to a proof of claim, a court must determine whether the claim is valid and, if so, the amount that will be permitted. However, in the case of a debtor who is an individual, any claim or portion of a claim that is unenforceable against a debtor under state law, is likewise rejected under bankruptcy law. 11 U.S.C. § 502(b)(1); *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 450-51 (2007) ("[W]e have long recognized that the basic federal rule in bankruptcy is that state law governs the substance of claims." (internal quotations and citations omitted)). Therefore, for a creditor to have a valid claim against a debtor, the debtor must owe the liability to the creditor under applicable state law. *Id.* (citing *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161 (1946)).

---

[4] CIT's Proof of Claim states that the "F/C Inspections Fees" total $176.00. However, the fees listed under that portion in fact total $242.00, of which Debtor disputes $187.00.

DEBTOR'S OBJECTION TO PROOF OF CLAIM AND NOTICE OF HEARING – PAGE 8

With regard to contingent claims such as CIT's claim for litigation-related attorney's fees, § 502(b)(1) provides that a claim is not deemed unenforceable under state law just because it is of a contingent nature. However, even a contingent claim must still be legally permissible in the event the contingency occurs. Thus, in the context of a claim for attorneys' fees, the claimant must actually be entitled to fees in the event it is the prevailing party. *See In re Johnson*, 756 F.2d 738, 741 (9th Cir. B.A.P. 1985). Absent some statutory or contractual basis providing for an award of attorney's fees, the claim is not actually contingent – it is simply without merit. *See id.*

Here, as set forth above, CIT's claim for attorney's fees related to the civil claims brought against it by Debtor in federal court is unsupported by either statute or contractual provision. As already described, the Deed of Trust and Note permit only attorney's fees for the purpose of protecting CIT's interest in the property at issue, its rights under the Deed of Trust, or enforcement of the Note. The litigation-related legal fees claimed by CIT are not related to any of those purposes. Therefore, Debtor objects to CIT's alleged litigation-related attorney's fees in the amount of $103,395.66 on the ground they lack any contractual or statutory basis, and are therefore unenforceable under state law. Pursuant to 11 U.S.C. § 502(a) and (b), this portion of CIT's proof of claim must be rejected.

### E. DEBTOR'S REQUEST FOR ATTORNEY'S FEES UNDER F.R.B.P. RULE 3001(c)(2)(D)(ii).

Debtor requests an award of his attorney's fees incurred in filing this objection. CIT claim for over $100,000 in litigation-related attorney's fees was clearly unsupported by any contract or other legal basis and therefore had no reasonable chance of approval. Debtor asserts that, because that portion of the claim had no reasonable chance of approval, its sole purpose was to impede Debtor's good faith attempts at confirming a feasible payment plan, in the hopes of

improving CIT's position in the parties' federal court litigation, while unnecessarily consuming the time and resources of all parties involved.

Nor will CIT be able to provide any further information to support this portion of its proof of claim, because none exists. It therefore cannot satisfy the requirements of Rule 3001(c), now or ever. Rule 3001(c)(2)(D) of the Federal Rules of Bankruptcy Procedure provides:

> (2) *Additional Requirements in an Individual Debtor Case: Sanctions for Failure to Comply.* In a case in which the debtor is an individual:
> ...
> (D) If the holder of a claim <u>fails to provide any information required by this subdivision (c)</u>, the court may, after notice and hearing, take either or both of the following actions:
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Debtor asserts that this particular portion of CIT's proof of claim has no basis, and therefore cannot be brought into compliance with Rule 3001(c). Debtor further asserts that CIT knew or should have known this prior to filing its proof of claim. Therefore, Debtor requests that, in addition to precluding CIT from later presenting any information it omitted from its claim under Rule 3001(c)(2)(D)(i), the court award his related attorney's fees and costs incurred in objecting to this claim, pursuant to Rule 3001(c)(2)(D)(ii).

WHEREFORE, Debtor respectfully requests this Court's order disallowing the amount of $118,426.91[5] of Proof of Claim No. 4, leaving a balance of $83,663.84. Alternatively, Debtor requests this Court's order deeming the disputed and/or contingent amount of $118,426.91 to be

---

[5] After adjustment for the $66.00 discrepancy reflected in CIT's claimed property inspection fees as noted above.

protective in nature at this time, and not required to be provided for under Debtor's Chapter 13 payment plan.

DATE: October 30, 2015.

> LUNDBERG LAW OFFICE PLLC
>
> By /s/ Jessie Lundberg_____
>       Attorney for Debtor

## NOTICE OF HEARING

**A hearing on the above-referenced Objection to Proof of Claim will be held at the date, time and location set forth in the caption above, at which time you must appear and respond to such Objection. If no response is timely made, the Court may grant the Objection, as a failure to appear shall be deemed an admission that the Objection is valid and should be granted.**

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify under penalty of perjury that a copy of the within and foregoing **DEBTOR'S OBJECTION TO PROOF OF CLAIM; AND NOTICE OF HEARING** was sent by first class mail postage prepaid on October 30, 2015 at Missoula, Montana, and directed to the following:

CIT Bank, N.A.
c/o Ken Lay / Ben Hursch
Counsel for CIT Bank, N.A.
900 N. Last Chance Gulch, Ste. 200
Helena MT 59601

By /s/ Jessie Lundberg_____
Attorney for Debtor