Jessie Lundberg
LUNDBERG LAW OFFICE PLLC
415 N. Higgins Ave.
Missoula, MT 59802
(406) 721-3000
jessie@lundberglawyer.com
BAR NO. 9641

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| In re | ) | |
|---|---|---|
| | ) | |
| THOMAS W. RIDINGS, | ) | Case No. 15-60651 |
| | ) | |
| Debtor. | ) | |

**AMENDED CHAPTER 13 PLAN DATED JUNE 16, 2016**

1. The future earnings and other income of the Debtor are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor shall pay to the Trustee the following sums: $1700 per month for 10 months, at which time the payments shall increase to $1950 per month for 26 months, then increase to $2300 per month for 24 months, for a total term of 60 months. The Debtor is self-employed and shall make the monthly payments directly to the Trustee.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) <u>ADMINISTRATIVE CLAIMS.</u> The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

   | | | |
   |---|---|---:|
   | Hourly attorney fees: | $ | 16,552.00 |
   | Estimated total costs: | $ | 500.00 |
   | Total attorney fees and costs: | $ | 17,052.00 |
   | Less retainer: | $ | (3,000.00) |
   | **Balance of fees/costs to be paid through plan:** | **$** | **14,052.00** |

   (b) IMPAIRED SECURED CLAIMS. After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

   | Name of Creditor | Claim No. | Allowed Secured Claim* | Interest Rate |
   |---|---|---|---|
   | NONE | | | |

   Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) UNIMPAIRED SECURED CLAIMS.  The following secured creditors whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to any arrearages specified below:

| Name of Creditor | Description of Collateral |
|---|---|
| CIT BANK, N.A., f/k/a ONEWEST BANK, N.A. | HOMESTEAD DESCRIBED IN SCH A |
| ESTATE OF DIANE ZORB | 5 Martha Road #4, Columbia Falls, MT ASSESSOR# 0000010524. |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
|---|---|
| CIT BANK, N.A., f/k/a ONEWEST BANK, N.A. | Pre-Petition:  $ 91,146.67 |
| | Post-Petition: $ 17,315.95 |
| | Total:            $108,462.62 |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

(d)  DOMESTIC SUPPORT OBLIGATIONS.  After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations.  Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).  **NONE**.

(e)  PRIORITY CLAIMS.  After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507, prior to payment of general unsecured claims.  **NONE**.

(f)  GENERAL UNSECURED CLAIMS.  After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(g)  LIQUIDATION ANALYSIS.  The total amount distributed under paragraphs 2(d), (e), and (f) will be the total of at least: **$12,210**; and Debtor's one-half interest in any sale proceeds from non-exempt real property described in Paragraph 7. Debtor will also turn over proceeds recovered in *Ridings v. CIT, N.A.*, Montana Federal District Court Cause No. CV-14-277-M-DLC, pursuant to the terms of any related agreement with the Chapter 13 Trustee. The above sums exceed what would be available to pay unsecured claims if the debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code.  A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. REJECTION OF CONTRACTS OR LEASES.  The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases: None. All other executory contracts and unexpired leases shall be affirmed.

4.  SURRENDER OF PROPERTY.  The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's

allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

    **Secured Creditor**                              **Description of Collateral**
    None

5.  POSTPETITION SECURED DEBT:  The Debtor(s) reserves the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

6.  REPORT OF CHANGES IN INCOME:  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7.  OTHER PROVISIONS:
**a. Sale of Non-Exempt Real Property.** The real property listed below, held jointly by Debtor and his spouse, shall remain property of the bankruptcy estate.  Debtor shall employ a professional, subject to the approval of the Bankruptcy Court, for the purpose of selling this real property. The Debtor shall actively market the property, and sale of the property shall not occur without prior authorization of the Bankruptcy Court and notice to the Creditors. Upon sale of each real property, the Debtor will turn over the full sale proceeds to the trustee, up to the amount remaining to be paid under Debtor's repayment plan at the time of sale. No payment shall be made on any non-exempt equity associated with this property until sale of the property.  The sale of real property and related fees and costs shall be subject to the approval of the Bankruptcy Court.  The Trustee shall be given an opportunity to participate in the closing of the sale(s) and may make payment to the closing agent for payment on the allowed claims.

    **6030 Warclub Dr., Crossville, Tennessee 38555**
    (Legal description unknown at this time)

**b. Contribution to Debtor's Payment Plan of Spouse's 50% Interest in Real Property.** Debtor owns a one-half interest in the equity of the real property listed above in Paragraph 7(a). Upon sale of the real property, Debtor shall turn over the full sale proceeds, including those related to his spouse's interest in the property, to be applied to his payment plan, resulting in excess funds after payment to unsecured creditors of the amount of Debtor's non-exempt interest.

8.  DECLARATIONS:  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

9.  EFFECTS OF CONFIRMATION:  Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. <u>PREVIOUS BANKRUPTCIES, AND DISCHARGE:</u>  (Check one)

☐ Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

☑ Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. <u>INCOME TAX REFUNDS:</u>  (Check one)

☐ Debtor(s) projects no income tax refunds during the term of this plan.  As a result, no income tax refunds will be turned over to the trustee.

☑ Debtor(s) projects income tax refunds during the term of this plan.  During the applicable commitment period of the plan, as defined in 11 U.S.C. § 1325(b)(4), Debtor(s) will turn over to the trustee all net income tax refunds.

☐ Debtor(s) projects income tax refunds during the term of this plan, and such tax refunds are included in the Debtor's budget.

DATE: June 16, 2016

/S/   THOMAS W. RIDINGS
Debtor

### CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that a copy of the foregoing AMENDED CHAPTER 13 PLAN DATED JUNE 16, 2016, was served upon all interested parties via CM/ECF, and sent by first class mail postage prepaid on June 16, 2016, directed to the following:

U.S. TRUSTEE                          ROBERT G. DRUMMOND
301 CENTRAL AVENUE, SUITE 204         CHAPTER 13 TRUSTEE
GREAT FALLS, MT  59401                P.O. BOX 1829
                                      GREAT FALLS, MT  59403

The same AMENDED CHAPTER 13 PLAN DATED JUNE 16, 2016 was also mailed to the attached list of creditors.

DATE: June 16, 2016

/s/ Jessie Lundberg
Jessie Lundberg
Attorney for Debtor

```
ONEWEST BANK, N.A.
888 E. WALNUT ST.
PASADENA CA 91101

AURORA LOAN SERVICES
ATTN: BANKRUPTCY DEPT.
2617 COLLEGE PARK
SCOTTSBLUFF NE 69361

CHASE
PO BOX 15298
WILMINGTON DE 19850

CLEAR SPRING LOAN SERV
18451 N DALLAS PKWY STE
DALLAS TX 75287

COLLECTION BUREAU SERV
212 E SPRUCE ST
MISSOULA MT 59802

CRDT SYSTEMS
100 N PARK
HELENA MT 59624

DELL FINANCIAL SERVICES
DELL FINANCIAL SERVICES ATTN: BANKRUPCTY
PO BOX 81577
AUSTIN TX 78708

DIANE M. ZORB
225 FAIRVIEW DR.
KALISPELL MT 59901

DIANE M. ZORB
C/O LAW OFFICES OF JAMES C. BARTLET
322 2ND AVENUE W, #F
KALISPELL MT 59901

FIRST DATA
1307 WALT WHITMAN RD
MELVILLE NY 11747

MORRISON, SHERWOOD, WILSON & DEOLA
401 N. LAST CHANCE GULCH
HELENA MT 59601

NATIONSTAR MORTGAGE LLC
ATTN: BANKRUPTCY
350 HIGHLAND DR
LEWISVILLE TX 75067

ONEMAIN FI
PO BOX 499
HANOVER MD 21076
```

```
PORTFOLIO RECOVERY ASS
120 CORPORATE BLVD STE 1
NORFOLK VA 23502

VICKIE RIDINGS
710 MARTINI LN
COLUMBIA FALLS MT 59912
```